IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNNIE MARTIN, )<br>)<br>Defendant. ) | No. 3:07-CR-51<br>(Phillips / Shirley) |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On February 19, 2008, this matter came before the Court for further proceedings, to include appointment of counsel for Defendant Johnnie Martin. *See* [Doc. 269]. Mr. Martin was present without counsel, the Court having granted his prior attorney's Motion to Withdraw on Thursday, February 14, 2008. On that date, the Court scheduled this case for Tuesday, February 19, 2008, in order to appoint new counsel for Mr. Martin.

On February 19, 2008, Mr. Martin announced his intention to proceed *pro se,* but asked that the Court appoint "hybrid counsel" to assist him with courtroom procedure and decorum. After a hearing, the Court granted Mr. Martin leave to proceed with his defense *pro se.* However, no attorney was available to accept appointment as Mr. Martin's hybrid counsel. On February 20, 2008, this Court conducted further proceedings in this case, to include the matter of Mr. Martin's hybrid counsel.

Attorney Donny Young had agreed to accept the appointment to Mr. Martin for this purpose and was present in court with Mr. Martin on that date.  Attorney Young confirmed that he has no ethical conflict of interest and is available to immediately assist Mr. Martin through the conclusion of his trial.  Attorney Young reported that he is aware of the limited role of hybrid counsel or "elbow counsel" and accepted the appointment with this in mind.  In fact, Attorney Young had already commenced his role as hybrid counsel by receiving materials from former counsel and assisting Mr. Martin with his courtroom presentation at the February 20, 2008, hearing.

The Court wishes to express its appreciation to Attorney Young for making himself available on short notice to assist this Court, the District Court and Mr. Martin in this capacity.  Although Mr. Young is familiar with the limitations and responsibilities of his role as hybrid counsel, the Court believes it prudent to make the following observations in order that all persons associated with this matter may remain mindful of Attorney Young's role.

In <u>Faretta v. California</u>, 422 U.S. 806(1975), the Supreme Court held that the Sixth Amendment guaranteed a criminal defendant the right to represent himself or herself at trial.  <u>Faretta</u>, 422 U.S. at 832.  Criminal defendants in federal courts also have a statutory right to "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

Attorney Young has been appointed to facilitate Mr. Martin's self-representation and he does not represent Mr. Martin in the traditional sense.  To the extent possible, Attorney Young shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure and decorum during the trial.  Attorney Young shall assist Mr. Martin in overcoming routine obstacles that may stand in the way of Mr. Martin's own clearly indicated goals.  Attorney

Young should assist Mr. Martin in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete.

Attorney Young may aid Mr. Martin in the event of a request for help, give meaningful technical assistance in the presentation of his defense and in the preserving of the record for any appeal. Attorney Young may be asked by the trial court to represent Mr. Martin if it becomes necessary to terminate the self-representation, such as if Mr. Martin must be removed from the courtroom for disruptive behavior.

Attorney Young's role may not operate to undermine Mr. Martin's self- representation. Mr. Martin "must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." McKaskle v. Wiggins, 465 U.S. 168, 174 (1984). Mr. Martin "is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the Faretta right." McKaskle, 465 U.S. at 178 (citing Faretta v. California, 422 U.S. 806 (1975)).

Attorney Young's participation as hybrid counsel cannot be "allowed to destroy the jury's perception that the defendant is representing himself. The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy." McKaskle, 465 U.S. at 178.

3

With these responsibilities and limitations, the Court hereby **APPOINTS** Donny Young as hybrid counsel to Johnnie Martin for the remainder of these proceedings.

IT IS SO ORDERED.

                                      ENTER:

                                      s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge