IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-51 |
| ) | (Phillips / Shirley) |
| JOHNNIE MARTIN, ) | |
| LASHONDA HALL, and ) | |
| AARON BROOKS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On February 19, 2008, this matter came before the Court for further proceedings, to include appointment of counsel for Defendant Johnnie Martin. *See* [Doc. 269]. Mr. Martin was present without counsel, the Court having granted his prior attorney's Motion to Withdraw on Thursday, February 14, 2008. On that date, the Court scheduled this case for Tuesday, February 19, 2008, in order to appoint new counsel for Mr. Martin.

In an effort to locate a replacement lawyer unaffiliated with the several co-defendants in this and the related cases, the Court, with the assistance of probation officers, arranged for Attorney

David Eldridge to be present in Court to accept appointment.[1] Also present were Defendant Aaron Brooks, with his attorney Rowland Cowden; and Defendant LaShonda Hall with her attorney, Mike Whalen. The United States was represented by Assistant United States Attorneys David Jennings and Tracee Plowell.

**ORAL MOTION TO PROCEED *PRO SE* AND FOR APPOINTMENT OF HYBRID COUNSEL**

After being reminded by the Court of his right to remain silent, Mr. Martin informed the Court that he wished to proceed with his defense without an attorney. Mr. Martin stated his reliance on the authority of Faretta v. California, 422 U.S. 806 (1975), in support of his request to proceed *pro se* through his trial, which is scheduled to begin February 26, 2008. Mr. Martin stated that he does not want the Court to appoint a new attorney for him, whether it be Mr. Eldridge or any other lawyer. As part of his request to proceed *pro se*, Mr. Martin asked that the Court designate a lawyer to assist him with matters of courtroom protocol only. Mr. Martin stated that he believes his presentation of his own defense would be aided by this limited assistance, often referred to an "elbow counsel" or "hybrid counsel."

The United States stated its position the Mr. Martin does have the right to proceed *pro se,* but that hybrid counsel is necessary to ensure proper decorum in the courtroom and to aid the function of the trial.

---

[1]The Court notes that due to the time constraints involved, Mr. Eldridge was asked to meet with former defense counsel James. A.H. Bell, AUSA Jennings and Mr. Martin in an effort to ensure no ethical conflicts existed and to gain a basic understanding of the case and issues prior to the hearing. This was accomplished over the weekend and Presidents's Day holiday and the Court wishes to extend its appreciation to Mr. Eldridge for his exemplary efforts and willingness to assist the Court.

The Court conducted an inquiry of Mr. Martin for the dual purpose of determining whether he has made a knowing and intelligent waiver of the right to counsel. Mr. Martin confirmed his wish to represent himself from this point forward and that his request to proceed without counsel was not made with the prospect of Attorney Eldridge's appointment in mind, but that he would decline the services of any attorney the Court might appoint. The Court asked Mr. Martin whether he has ever studied law, to which Mr. Martin responded that he has made an extensive study of law.[2] Mr. Martin stated that he has represented himself in the past, describing it as a case in the First Circuit, tried in Boston. The Court then reviewed the indictment with Mr. Martin. The Court described each count of the indictment; after each count, Mr. Martin stated that he understood the charge contained therein. Mr. Martin stated that he understands the penalties he faces were he convicted of the crimes charged and remembers the penalties as previously advised at his arraignment. At the Court's request, AUSA Jennings again stated the potential penalties for each count in the indictment. After the statement of the government, Mr. Martin confirmed that he understood the potential penalties if he is convicted. Mr. Martin stated that he understands that if he were convicted of multiple counts of the indictment, he could be sentenced to consecutive sentences. Mr. Martin stated that he understands that if he represents himself, neither this Court nor the District Court can offer any assistance or advice to him on how to proceed or try his case. Mr. Martin stated that he is familiar with the Federal Rules of Evidence and understands they will govern the introduction of evidence at trial and that he will be required to abide by them. Likewise, Mr. Martin stated that he is familiar with the Federal Rules of Criminal Procedure and understands that

---

[2] The Court takes this response to indicate a personal study of law as there has been no suggestion that Mr. Martin has attended law school.

they govern the way a criminal case is tried in federal court. The Court then told Mr. Martin that it is the Court's opinion that a trained lawyer would do a far better job representing Mr. Martin than he will do for himself. The Court told Mr. Martin that in its opinion, Mr. Martin does not know as much about trying a federal criminal trial as he may believe that he does and that, for the most part, defendants who proceed *pro se* fare far worse than defendants with counsel. The Court strongly urged Mr. Martin not to represent himself in this case. Mr. Martin informed the Court that despite the penalties he faces if convicted and considering all the difficulties he faces if he proceeds *pro se,* he nonetheless desires to represent himself and declines the offer of appointed counsel. Mr. Martin stated that his decision to waive his right to counsel is made knowingly and voluntarily.

At the conclusion of this exchange, the Court found that Mr. Martin has knowingly and voluntarily waived the right to counsel. See, United States v. Miller, 910 F.2d 1321 (6th Cir. 1990); United States v. McDowell, 814 F.2d 245 (6th Cir. 1987). Accordingly, Johnnie Martin's oral motion to proceed *pro se* was granted. Mr. Martin will be permitted to represent himself through the conclusion of this case. Because he has waived his right to counsel, Mr. Martin is not constitutionally entitled to the appointment of "elbow counsel." Faretta v. California, 422 U.S. 806 (1975); United States v. Mosely, 810 F.2d 93, 98 (6th Cir.), cert. denied, 484 U.S. 941 (1987). However, the Court does have discretion to appoint counsel for such limited purpose and will endeavor to accommodate Mr. Martin's request. Faretta, 422 U.S. at 834 n.46; McKaskle v. Wiggins, 465 U.S. 168 (1984). Because Mr. Eldridge could not accommodate the current trial date (during the week following this hearing) and because Mr. Martin persisted in objecting to any trial continuance, new "hybrid counsel" will be located.

4

Mr. Martin also made a series of requests of the Court regarding access to writing utensils and paper, access to the Knox County Jail law library and formatting of wiretap recordings in support of his preparation for trial. The Court, after consultation with the U.S. Marshal Service, understands Mr. Martin will be afforded four hours per day of law library use between the hours of 6:00 a.m. and 2:00 p.m. The United States Attorney's Office is to report to the Court on the potential for re-formatting the wiretap recordings.[3]

This hearing is continued to **Wednesday, February 20, 2008, at 4:00 p.m.** for further argument on issues of severance and trial continuance in light of Mr. Martin's decision to proceed *pro se*. The Court granted leave to all parties to file any supplemental briefs or motions they deem necessary on the issues of severance and trial continuance.

IT IS SO ORDERED.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] The Court is advised these recordings are digitally stored as .wav files and, in their current form, will require a computer to be played. At the conclusion of the hearing, the Assistant United States Attorneys indicated they would consult with others to determine the technical requirements of timely reproducing the recordings in a format that would be more readily made available to Mr. Martin in jail, such as MP3.