# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cr-51 |
| ) | (Phillips/Shirley) |
| JOHNNIE MARTIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On February 23, 2008, defendant Johnnie Martin, proceeding pro se, filed a motion to suppress search warrant and evidence seized at 3916 Deerfield Avenue, Knoxville, Tennessee [Doc. 284]. On May 3, 2007, federal Drug Enforcement Agency ("DEA") agents had conducted a search and seizure at 3916 Deerfield Avenue, Knoxville, Tennessee, pursuant to a search warrant issued by the Honorable C. Clifford Shirley, United States Magistrate Judge. Defendant moves the court to suppress the evidence seized, arguing that the affidavit supporting the search warrant was not only invalid but also did not cover the marijuana seized.

On February 26, 2008, this court conducted an evidentiary hearing regarding defendant's motion to suppress. In accordance with the court's oral ruling at the hearing, defendant's motion to suppress is **DENIED**.

### I. BACKGROUND

This case involves multiple defendants alleged to have participated in a large conspiracy to

distribute cocaine, crack cocaine, marijuana, and MDMA, commonly known as Ecstasy. After a lengthy investigation including wiretaps and other forms of surveillance, federal DEA agents obtained a search warrant for the residence at 3916 Deerfield Avenue, Knoxville, Tennessee. On May 3, 2007, the agents entered the residence and seized $66,000 in US currency, a .40 caliber firearm, marijuana, and a binder notebook, allegedly containing information regarding drug sales.

Defendant recently elected to proceed pro se, after his previous counsel was allowed to withdraw due to an alleged conflict of interest. On February 20, 2008, due to Martin's self-representation, Judge Shirley severed Martin's trial from that of his two remaining co-defendants, and on February 23, 2008, Martin filed the motion to suppress presently before this court. On February 26, 2008, an evidentiary hearing was conducted regarding the motion. Special Agent Bethel Poston testified at the behest of the defendant, and Special Agent James Blanton testified on behalf of the government.

In support of his motion to suppress, Martin first argues that the search in general was illegal, as the affidavit in support of the search warrant was invalid. Specifically, Martin contends that the multiple intercepted phone calls on which the affiant, Special Agent ("S.A.") Poston, primarily relied did not constitute probable cause that a search of the premises would reveal evidence of drug crimes. Martin contends that the government lacked probable cause because of confusion as to the identities of the callers and whether they were referring to cocaine or marijuana. Martin relies heavily on reports of investigation issued some time before the search warrant was issued. At the evidentiary hearing, S.A. Poston admitted that during the early stages of the investigation, there was confusion as to the identity of the callers in the intercepted phone calls. For example, the investigators were confused as to whether "Tony Manning" was an alias for defendant Martin or

whether he was a separate person. S.A. Poston testified, however, that the investigators later determined that Tony Manning and defendant Martin were indeed separate people and resolved any confusion.

Similarly, Martin argues that the government's initial confusion as to the identity of Tony Manning did not establish probable cause to link him to the Deerfield Avenue residence. In determining that 3916 Deerfield Avenue was Martin's residence, investigators initially relied upon a Pontiac Firebird vehicle that was often seen at the residence. Investigators observed the Firebird leave the residence and identified the driver as Tony Manning. At that point in the investigation, agents still believed Tony Manning simply to be an alias for the defendant, Johnnie Martin. After determining the car was rented from Avis Rental Car Company in Knoxville, Tennessee, investigators showed an Avis employee a photograph of Martin for the employee to identify. The employee, however, said that Martin was decidedly not the man who had rented the car.

At the evidentiary hearing, S.A. Poston again admitted that the initial stages of the investigation had presented a good deal of confusion as to the identities of Tony Manning and Johnnie Martin. S.A. Poston noted, however, that the photograph of Martin which he had showed the Avis employee was older and that Martin's appearance had changed. S.A. Poston further testified that the overwhelming amount of evidence obtained from surveillance of the Deerfield Avenue property and the wiretapped phone calls established that 3916 Deerfield Avenue was Martin's residence. S.A. Poston testified that he had personally seen Martin at the residence on numerous occasions. Accordingly, S.A. Poston testified, the wealth of information obtained during the investigation established the probable cause to which he testified under oath in his affidavit.

Finally, Martin argues that the marijuana was illegally seized, as Judge Shirley had stricken

"other controlled substances such as marijuana" from the terms of the search warrant. Special Agent James Blanton testified on behalf of the government as to the details of the search and seizure conducted on May 3, 2007 at 3916 Deerfield Avenue. The government contends that the marijuana was lawfully seized, despite having been stricken from the scope of the search warrant, under the plain view doctrine.

## II. ANALYSIS

### A. *Validity of the Search Warrant*

The first of defendant's arguments pertains to the legality of the search in general of the residence at 3916 Deerfield Avenue. The Fourth Amendment to the Constitution of the United States protects against unreasonable searches and seizures. U.S. Const. amend. IV. Searches and seizures conducted pursuant to a warrant are preferred, as they help guard against the prospect of unreasonable searches and seizures. *See, e.g.*, *Illinois v. Gates*, 462 U.S. 213, 236-37 (1983). The Constitution mandates that "no [w]arrants shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV.

Because of the strong preference for searches conducted pursuant to a search warrant, the Supreme Court has held that "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " *Illinois*, 462 U.S. at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). Accordingly, the Sixth Circuit requires merely that an affidavit in support of a search warrant "indicate a fair probability that the evidence of a crime will be located on the premises of the proposed search," *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005); *e.g.*, *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993), rather than "an actual showing of such

activity," *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *Illinois*, 462 U.S. at 244 n.13). "In reviewing whether such a probability existed, courts should examine the totality of the circumstances." *Finch*, 998 F.2d at 352. Moreover, the great deference accorded to the magistrate requires that a warrant be "upheld as long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Smith*, 182 F.3d at 477 (quotation omitted). Finally, review of the sufficiency of the evidence supporting the search warrant "is limited to the information presented in the four-corners of the affidavit." *Frazier*, 423F.3d at 531.

Martin argues that there was not probable cause for the search warrant to issue. S.A. Poston's testimony, however, demonstrated the vast amount of evidence from which the investigators concluded that Martin lived at 3916 Deerfield Avenue and that he was heading a large drug conspiracy from that residence. The four corners of the affidavit lend support to this testimony. Investigators intercepted thousands of wiretapped phone calls during the investigation in which the speakers used commonly known drug trafficking language. During their lengthy surveillance, he investigators also observed Martin and other defendants multiple times at the Deerfield Avenue residence. The affidavit testifies to but a small portion of the evidence which the DEA agents had obtained indicating that drug activity was occurring at the resideence.

Under the totality of the circumstances and the wealth of information obtained during the lengthy investigation, therefore, there was certainly probable cause for the search warrant to issue. The affidavit indicated more than a fair probability that the evidence of crime would be located at Deerfield Avenue residence, *e.g.*, *United States v. Frazier*, 423 F.3d at 531, and Judge Shirley therefore had a substantial basis to issue a search warrant for the residence. Consequently, this court will uphold the search warrant as valid. As the search conducted at 3916 Deerfield Avenue was

pursuant to a valid search warrant, defendant's motion to suppress must be denied with regard to his arguments concerning the general legality of the search.

### B.     *Plain View*

In addition to disputing the general validity of the search, Martin argues in particular that the marijuana seized from the residence be suppressed as outside the scope of the search warrant. As Martin points out, Judge Shirley had removed "other controlled substances such as marijuana and MDMA, or Ecstasy" [Doc. 285-2, at 1] from the scope of the search. Martin therefore argues that the marijuana was illegally seized and should accordingly be suppressed.

The law, however, "recognizes the plain view doctrine as an exception to the warrant requirement." *United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007). In order for the plain view doctrine to apply, the following four factors must be met: "(1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right of access to the object." *Id.* Determining whether the object's incriminating nature is "immediately apparent" does not require "an 'unduly high degree of certainty;' rather, a plain view seizure is 'presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.' " *United States v. Calloway*, 116 F.3d 1129, 1133 (6th Cir. 1997) (quoting *Texas v. Brown*, 460 U.S. 730,. 741-42 (1983)). The government bears the burden of proving the legality of a seizure under the plain view doctrine. *United States v. Herndon*, 501 F.3d 683, 692 (6th Cir. 2007).

Having already established that the officers were legally present pursuant to a valid search warrant, *see supra* Part II.A., the court must determine whether the remaining three factors have

been met. The court finds that government has established the remaining factors; accordingly, the marijuana was lawfully seized pursuant to the plain-view exception to warrantless searches.

First, the marijuana was in plain view. S.A. Blanton testified while conducting the search, officers discovered the marijuana in plain view whilst searching in places authorized by the search warrant. S.A. Blanton testified that when executing the search warrant, the officers searched the living room, closets, and air condition ducts of the residence, as cocaine, the subject of the search warrant, can easily be concealed. While conducting this search, the officers discovered the marijuana in plain view.

With regard to the third factor, Martin apparently disputes the "immediately apparent" criminal nature of the marijuana. At the evidentiary hearing, Martin argued to the court that substances, such as cocaine, are not immediately discernible as illegal drugs. As S.A. Blanton testified, however, he has extensive experience investigating and seizing these types of drugs. S.A. Blanton testified that because of his experience, he can readily identify the various controlled substances at issue in this case, namely cocaine, cocaine base (also known as crack), marijuana, and MDMA (also known as Ecstasy). S.A. Blanton testified that each time he has sent a substance to the crime laboratory to determine its nature, his initial identification has been confirmed. Accordingly, this satisfies the third factor that the incriminating nature of the substance was readily apparent, as this factor does not require a high degree of certainty. Moreover, the court reiterates that its previous finding that there was probable cause to associate 3916 Deerfield Avenue with criminal activity renders the plain view seizure presumptively reasonable. *Brown*, 460 U.S. at 741-42 (plain view seizures are "presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity"); *accord Calloway*, 116 F.3d at 1133.

Finally, the fourth factor of the plain view doctrine is satisfied in this case. As S.A. Blanton testified, the officers conducting the search had a right of access to virtually all corners of the house, as cocaine can be hidden virtually anywhere. Moreover, the search warrant specifically noted that the objects of the search warrant were "concealed" at the property. [*See* Doc. 285-2]. While conducting this search, the officers discovered the marijuana in plain view. Accordingly, the officers had a right of access to the object, and the fourth factor was satisfied.

In sum, the government has met its burden of establishing that the marijuana was legally seized under the plain view doctrine, despite the fact that marijuana was not included in the scope of the search warrant. Defendant's motion to suppress therefore must also be denied with regard to his clams of the illegal seizure of the marijuana.

### III. CONCLUSION

Because the search was conducted pursuant to a valid search warrant and because the marijuana was legally seized under the plain view exception, defendant's motion to suppress [Doc. 284] is **DENIED**.

**IT IS SO ORDERED.**

       **ENTER:**

            s/ Thomas W. Phillips
            United States District Judge