IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (Varlan / Shirley) |
| JOHNNIE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

On May 9, 2008, this matter came before the Court upon request of Defendant Johnnie Martin to terminate his self-representation and motion for the Court to appoint counsel. [Doc. 345]. Johnnie Martin was present with his previously-appointed elbow counsel, Attorney Stephen Burroughs. The government was represented by Assistant United States Attorney David Jennings, who did not oppose the defendant's request. The Court found Mr. Martin's request well-taken, and his pro se Motion to Terminate Self-Representation and Substitution of Counsel **[Doc. 345]** was **GRANTED**. Attorney Stephen Burroughs shall be entered as counsel of record for Mr. Martin. Upon appointment of counsel, Mr. Martin agreed that his pro se request for leave to file additional motions relating to his ability to prepare for the retrial while in jail was now moot, and Motion for Leave to File Additional Motions **[Doc. 346]** was **DENIED**.

Attorney Burroughs next made an oral motion to continue the June 30, 2008, trial date. Attorney Burroughs stated that he would require a reasonable amount of time to review all the discovery materials, to include thousands of recorded telephone calls, to consult with Mr. Martin, to review the transcripts of the first trial of this case, to conduct any necessary factual investigation and to prepare for trial. The Court found the oral motion to continue the trial to be well-taken and agrees with the parties that the ends of justice served by granting the continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that Attorney Burroughs has only assumed representation of Mr. Martin on this date. Attorney Burroughs has accepted this appointment with the case in a far more advanced posture than is typical, and the Court will afford him time to review the files of prior counsel, review and become familiar with materials disclosed in discovery, conduct any remaining legal or factual investigation, and prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that this all could not take place before the swiftly approaching June 30, 2008, trial date despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, the Court finds that the failure to grant a continuance would deprive counsel of time to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring the defendant to go to trial as originally scheduled despite his attorney's lack of time to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I).

The Court questioned Mr. Martin, who stated that he understood that a trial continuance was necessary. Mr. Martin expressed that it is in his best interest to proceed with counsel who has adequate time to prepare for trial. The defendant stated that he understood the facts as stated by Attorney Burroughs and that he agreed with the need for a continuance. Mr. Martin confirmed with

the Court that he understood that he will remain in jail pending his new trial date.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching June 30, 2008, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time necessary for adequate trial preparation. U.S.C. § 3161(h)(1)(F). Further, the Court finds that new defense counsel will need time to conduct preparation as set forth above and to prepare for trial in light of the significant record in this case. The Court finds that all of this could not take place before the June 30, 2008, trial date or in less than 90 days. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, it is **ORDERED**:

> (1) The Motion to Terminate Self-Representation and Substitution of Counsel **[Doc. 345]** is **GRANTED**.
>
> (2) Motion for Leave to File Additional Motions [**Doc. 346**] is **DENIED** as moot.
>
> (3) Attorney Stephen Burroughs is **APPOINTED** to represent Mr. Martin for the reaminder of this case.
>
> (4) The oral motion for a continuance of the case is **GRANTED**.
>
> (5) The trial of this matter is reset to commence on **September 15, 2008, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge