IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (VARLAN/SHIRLEY) |
| JOHNNIE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This matter is before the undersigned on the Defendant Johnnie Martin's Motion To Accept Filing of Late Filed Motion To Suppress Evidence Obtained on May 3, 2007 [Doc. 471], filed on March 12, 2009, and on Defendant Johnnie Martin's Motion To Suppress Evidence [Doc. 465], filed on March 11, 2009. The Government has responded [Doc. 468] contending the Motion To Suppress is untimely.

Without belaboring the lengthy history of this case, it suffices to say that motion deadlines have been set and extended on numerous occasions, resulting in almost one hundred (100) motions being filed, over forty (40) of them by Defendant Martin. The original motion-filing deadline was set for June 12, 2007. The first trial of Defendant Martin began on February 27, 2008. The defendant was convicted on one (1) count of the Second Superseding Indictment, the jury was unable to reach a verdict as to the remaining counts, and a mistrial on those counts was declared [Doc. 315]. The retrial of Defendant Martin was set for May 19, 2008, before District Judge

Thomas A. Varlan.[1] Since that time, the case has been continued five (5) times [Docs. 349, 357, 399, 426, and 451].

The Court denied Defendant's Motion for Leave to File additional motions on May 23, 2008 [Doc. 357], but at a September 16, 2008 hearing, granted a limited extension until September 29, 2008, to file motions on certain specific discovery issues. Defendant's counsel filed a Motion to Late File his Motion to Compel on October 1, 2008 [Doc. 400], which clearly acknowledged the expiration of the new motion-filing deadline but stated that extraordinary circumstances (physical injury) necessitated a three (3)-day delay. The Court found those reasons constituted good cause and granted that limited extension [Doc. 401]. No further requests for extensions of time have been filed until the instant motion, filed on March 12, 2009, less than three (3) weeks before trial.

With regard to defendant's motion [Doc. 471] for leave to late file the Motion To Suppress, the defendant contends, via counsel's affidavit, that although he requested the assistance of Ben Levitan, his telephone expert, in October 2008, Mr. Levitan was unable to complete his work, in part due to the government's delay, and his report was delayed until March 10, 2008. Defendant's counsel notes the Motion to Suppress was filed the following day. The government argues defendant's Motion is untimely and well beyond even the Court's extended deadlines. The government also argues that the defendant's expert Mr. Levitan was contacted in October 2008 and litigation regarding the additional wiretap materials was resolved in December 2008.

A motion to suppress evidence must be raised before trial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12 permits the court to set a motion-filing deadline for pretrial motions. Fed. R. Crim. P. 12(c).

---

[1] District Judge Thomas W. Phillips recused himself, and Judge Varlan was assigned the case [Doc. 320].

A party who fails to bring a pretrial motion by the deadline set by the court or by any extension that the court grants is deemed to have waived that defense, objection, or request. Fed. R. Crim. P. 12(e). The court may grant relief from this waiver provision for "good cause." Fed. R. Crim. P. 12(e); see also United States v. Obiukwu, 17 F.3d 816, 819 (6th Cir. 1994). Once the motion-filing deadline expires and the defendant waives a suppression issue, even a district court's ruling upon the merits of the motion does not revive the waived issue. See id. (holding that the merits of an untimely suppression motion are not saved for appeal even if the district court chooses to rule upon them), see also United States v. Kincaide, 145 F.3d 771, 778 (6th Cir. 1998), cert. denied, 525 U.S. 1166 (1999).

In the present case, the instant suppression motion is clearly well beyond the last motion-filing deadline granted and any extension of same. The question facing the Court is whether the defendant has shown good cause for why his suppression issue should not be considered waived. The defendant argues that he filed the instant suppression motion at the earliest opportunity he had, one day after he received Mr. Levitan's report.

At a September 5, 2008 hearing held to reset the trial date, defense counsel raised the issue of additional information needed by his telephone expert. He stated that the expert had only forty percent of the data needed to render an opinion and that the expert estimated that it would take thirty days from the time he received the additional information until completion of his Rule 16 report. The Court instructed the defendant to inform the government what information he sought for his expert and the government to respond with what information it would give and when. The parties reconvened on September 16, 2008, and the government agreed to produce a magneto optical disk to the defendant within two weeks. It stated that the defendant would have to subpoena the

3

telephone companies to retrieve certain information regarding call detail records of the cellular telephones, and it objected to providing the defendant SIM card data. The defendant acknowledged that with the receipt of the magneto optical disk, his expert would have the majority of the information he needed to prepare his report. The Court set up a schedule for resolving the remaining discovery issues as expeditiously as possible in an effort to minimize any delay of the trial.

The Court notes that defendant's prior Motion to Compel [Doc. 400] was with regard to additional discovery ostensibly necessary for defendant's telephone expert. This issue was the subject of a number of hearings and telephone conferences. At a hearing on December 3, 2008, the request for SIM cards was deemed moot because the government had disclosed the serial numbers on the telephones in issue and the telephone numbers on those phones, as well as the identity of the specific cellular telephone claimed to be defendant's phone. Further, defendant agreed that at that time, his expert had the information needed from the SIM card data. Furthermore, the defendant had filed numerous subpoenas for records from phone companies for the information sought, alleging his expert needed this information. The subpoenaed information was produced to the Court, the government's Motion to Quash was denied, and the records were released to defendant [Doc. 433]. Accordingly, by late December 2008, it appears defendant's expert had all the information needed to complete his work and reports.

Furthermore, in reviewing the expert report of Mr. Levitan, there is little to indicate, or at least it is unclear, that he actually used any SIM card data or telephone serial numbers or the information from the phone companies in arriving at his decision. Most of his report is concerned with the alleged shortcomings (legal and technical) in the government's wiretaps, which appear to have been based on the records and reports of the wiretaps themselves and the agents' affidavits and

4

reports. This information he should have had well prior to December 2008. With regard to the allegations and opinions relative to the "1260" phone or the phone used by the defendant, the Court notes the information regarding the "1260" phone was determined on or before November 7, 2008 [Doc. 433, p.5]. Accordingly, the expert report belies the need for the substantial delay in filing a request to late-file a motion to suppress.

On this basis alone, the Court finds that the defendant has failed to show good cause for the defendant to file another Motion to Suppress, out of time, beyond the motion-filing deadline and on the eve of trial.

Furthermore, the Court also notes that the instant suppression motion seeks to suppress the evidence obtained on May 3, 2007, from the residence of 3916 Deerfield Road. This motion to suppress is premised on an attack on the wiretaps and whether they served as a proper basis for the probable cause determination in issuing the search warrant. However, what defendant fails to note is that on February 23, 2008, defendant filed an almost identical motion to suppress evidence seized at 3916 Deerfield Avenue on May 3, 2007 [Doc. 284]. That earlier motion, in part, specifically challenged [see, e.g., Doc. 284, ¶ 5 A-F] the wiretaps in issue and whether they provided a proper basis for determining probable cause for the search warrant. The government filed a detailed response [Doc. 285]. On February 26, 2008, District Judge Thomas W. Phillips held a full evidentiary hearing on this motion, which included testimony by and cross examination of DEA Agent Bethel Poston regarding the wiretaps, phones, phone numbers, and the search warrant. District Judge Phillips denied [Doc. 372] defendant's Motion to Suppress on the merits.

Defendant's Motion herein is simply an attempt to relitigate this very same issue, regarding the same search warrant on similar, if not identical, grounds. As such, not only is the motion filed

5

well beyond the motion-filing deadline, but it is more akin to a motion to reopen the previous suppression hearing one year later. Such a motion is committed to the sound discretion of the District Court. United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004) (citing United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002)), jmt vacated on unrelated gnds, 543 U.S. 1111 (2005).

While defendant's new counsel may have developed a new strategy for attacking the search warrant, this is not a sufficient reason to allow a "second bite at the apple." This is particularly true in light of the similarity of the two motions and the fact that an evidentiary hearing was held on the first one over one year earlier. To allow the defendant to file sequential motions to suppress as to the same search or search warrant, would not only be prejudicial to the government but, as here, would also result in postponing the trial once more. Therefore, the Defendant Johnnie Martin's Motion To Accept Filing Of Late Filed Motion To Suppress Evidence Obtained On May 3, 2007 [Doc. 471] is **DENIED**, and accordingly his Motion to Suppress Evidence [**Doc. 465**] is **DENIED as moot**.

      **IT IS SO ORDERED.**

                                                 ENTER:

                                                   s/ C. Clifford Shirley, Jr.
                                                 United States Magistrate Judge