IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (VARLAN/SHIRLEY) |
| JOHNNIE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This matter is before the undersigned on the Government's Motion in Limine to Exclude Expert Testimony and Incorporated Memorandum of Law [Doc. 467] filed on March 11, 2009. A Response in Opposition [Doc. 469] was also filed on March 11, 2009.

The government argues that to the extent defendant's "telephony" expert Ben Levitan, seeks to testify as to the "legality of the wiretaps," such testimony constitutes a question of law for the Court and not a question of fact for the jury. The government argues that testimony regarding whether the wiretap was performed legally is a legal opinion, which will not assist the trier of fact in determining a fact in issue per Federal Rule of Evidence 702.

The defendant argues that his expert Mr. Levitan will assist the trier of fact in understanding the government's wiretap evidence and "the technical process of the wiretaps performed in this case and he will be able to establish the methods used (or not used) [to] undermine the reliability of the government's evidence." Defendant argues that Mr. Levitan is qualified to testify as an expert, sets forth his qualifications and expertise in general terms, and references Levitan's report, which is

attached to Doc. 463 and which contains his specific qualifications.

Defendant also argues that the reliability of the government's wiretaps is an issue in this case and that Mr. Levitan will assist the jury in understanding the "defendant's challenges to the veracity, authenticity, and reliability of the government's wiretap evidence." He alleges certain shortcomings regarding information identifying senders and receivers and the collection of such information, procedural irregularities, and lack of information identifying the recordings to the parties. He also alleges that some "push-to-talk" calls are alleged to have been made by the phone in issue, but that such phone does not have that capability. Finally, defendant alleges the expert can establish that none of the phones authorized to be wiretapped were the phones carried by the defendant.

The government has not challenged the qualifications of defendant's expert nor his proposed testimony in the areas noted by defendant's attorney. The sole basis for the government's challenge is with regard to the expert testifying as to the "legality" of the wiretaps. The defendant's response does not really challenge this contention but proffers other bases for his testimony.

An expert opinion on a question of law is not admissible. Berry v. City of Detroit, 25 F.3d 1342, 1353-54 (6th Cir. 1994), Chavez v. Carranza, No. 06-6234, 2009 WL 670022, at *9 (6th Cir. Mar. 17, 2009). An expert's opinion that amounts to a legal opinion or a legal conclusion is also not admissible. Stoler v. Penn Cent. Transp. Co., 583 F.2d 896, 899 (6th Cir. 1978), Ross Bros. Constr. Co. v. Markwest Hydrocarbon, Inc., No. 05-6251, 2006 WL 2952773, at *3 (6th Cir. Oct. 12, 2006), Halvorsen v. Plato Learning, Inc., No. 05-5325, 2006 WL 348163, at *6 (6th Cir. Feb. 15, 2006).

Accordingly, to the extent defendant's expert Ben Levitan seeks to testify as to the legality of the wiretaps such testimony is inadmissible. In reviewing Mr. Levitan's twenty-nine (29) page

report,[1] it appears from his "Executive Summary" that he opines that 1) "the evidence presented is highly unreliable," 2) "not collected within current legal guidelines," and 3) "does not appear to provide a connection between defendants, including Mr. Martin, and telephones alleged to have been used in a criminal conspiracy." The Court finds that his testimony regarding this second category of opinion (i.e., that the wiretap evidence was "not collected within current legal guidelines") should be excluded as it amounts to a legal opinion relating to the legality of the wiretaps. In his section "1. Key Opinions" portion of his report, it appears that subsection F. <u>Collection of Tracking Information</u> also contains legal opinions which are not admissible. With regard to the remainder of his report, those items regarding legal matters (e.g., portions of section 2. <u>Background of CALEA</u>; subsection H. <u>Legal References</u>; section 3. <u>Lawfully Authorized Electronic Surveillance</u>, including subsections J, K, and L) are likewise deemed inadmissible. In summary, the Court finds Mr. Levitan's testimony may not include legal opinions or legal conclusions such as his opinion of the state of the law or the legality of the wiretaps in issue.

The government has not objected to Mr. Levitan's qualifications, and the Court makes no rulings thereon. The Court finds that if Mr. Levitan is properly qualified in court, it may be that he will be permitted to testify as to matters involving the reliability of the government's wiretap evidence, potentially including such matters as the technical nature of how a wiretap works (but not his proffered "how a <u>legally</u> authorized wiretap works"); the reliability or unreliability of the information obtained (or lacking) in the wiretaps in issue; technical inconsistencies between the wiretap reports and the requests; and whether the phones authorized to be wiretapped correlate to

---

[1] The Court notes only pages three and four (3 and 4) contain Mr. Levitan's actual opinions in this case.

certain identifiable phones. However, any rulings on these matters will necessarily have to be made by District Judge Thomas A. Varlan as and when Mr. Levitan is called as a witness. Judge Varlan's rulings will necessarily be based upon the development of the evidence to that point, the testimony of Mr. Levitan as to his qualifications, methodology, and bases for his opinions, as well as Mr. Levitan's general testimony and any objections thereto.

At this juncture, this Court can only rule that Mr. Levitan's testimony is limited to the degree stated in the government's motion and as expressed herein regarding the inadmissibility of any testimony regarding the legality of the wiretaps or other legal opinions. However, to the extent the government's motion seeks a blanket exclusion of the testimony of defendant's expert, the Court finds no basis has been proffered by the government for such a ruling, and this Court finds no such basis in the record before it. Therefore, the Government's Motion in Limine to Exclude Expert Testimony and Incorporated Memorandum of Law **[Doc. 467]** is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge