UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (VARLAN/GUYTON) |
| JOHNNIE E. MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to 28 U.S.C. § 636(b), and by the Order [Doc. 530] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Martin's Motion to Preserve Evidence. [Doc. 523] The defendant moves the Court to require the government to preserve all evidence relating to the housing, grouping, and other movements of the government's witnesses during the trial of this matter, which commenced on March 30, 2009. As grounds the defendant contends that, pursuant to Rule 615 of the Federal Rules of Evidence, the Rule of Sequestration was invoked during the trial, but that some of the government's witnesses discussed their testimony in violation of the Rule.

Specifically, the defendant contends that a number of government witnesses who were being housed in the Court's detention facilities were allowed to discuss what prior witnesses had testified to, such that the witnesses were able to conform their testimony to that of other witnesses. In a subsequent filing, the defendant has submitted the sworn affidavit of one of the witnesses at issue, Jason Nelson, which indicates that Mr. Nelson and other government witnesses discussed prior and upcoming testimony during the course of the trial. [Doc. 571-1] The government has not responded

to the instant motion, and the time for doing so has passed.  E.D.TN. LR 7.1.  Failure to respond to a motion may be deemed waiver of any opposition to the relief sought.  E.D.TN. LR 7.2.

For good cause shown, the defendant's motion **[Doc. 523]** is hereby **GRANTED**.  To the extent that such evidence exists, the government shall take all reasonable steps necessary to preserve all evidence relating to the housing, grouping, and other movements of the government's witnesses during the trial of this matter, which commenced on March 30, 2009.  In so ruling, the Court in no way rules as to whether the defendant's allegations are true, and in no way rules as to whether the evidence in question is open to discovery by the defendant, an issue not raised in this motion.  Such issues must be left for the District Court's determination as it addresses the defendant's Motion to Vacate Judgment and Grant A New Trial.  [Doc. 521]

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge