UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-51 |
| | ) | (VARLAN/GUYTON) |
| JOHNNIE E. MARTIN, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on Defendant Johnnie Martin's Motion to Vacate Judgment and Grant a New Trial ("the motion") [Doc. 521], in which defendant Johnnie E. Martin ("Martin") moves the Court to grant a mistrial, vacate the judgment of the jury, and grant Martin a new trial. The United States has responded in opposition [Doc. 558]. The Court has reviewed the pending motion [Doc. 521], the responsive and supplemental briefs, and the supporting affidavits [Docs. 522, 558, 571, 571-1, 592, 592-1, 606], all in light of the relevant law. For the reasons that follow, Martin's motion will be **DENIED**.

**I. BACKGROUND**

Martin, along with fourteen co-defendants, was charged in a multiple-count second superseding indictment with conspiracy to distribute drugs and other related charges [*see* Doc. 224]. In February and March 2008, Martin proceeded to a jury trial before the Honorable Thomas W. Phillips, United States District Judge [*see* Docs. 300-14]. This first

trial before Judge Phillips resulted in a mistrial [*see* Doc. 315].[1]  In March and April 2009, a second jury trial was held before the Honorable Thomas A. Varlan, United States District Judge [*see* Docs. 479-91].  At this second trial, the jury returned a verdict, finding Martin guilty of count one, count two, count three, count four, count six, count fifteen, and count sixteen of the second superseding indictment [Doc. 492].[2]

Following the second trial, Martin filed the instant motion pursuant to Rule 33 and Rule 47 of the Federal Rules of Criminal Procedure.  In the motion, Martin asserts that the government willfully allowed its witnesses during Martin's trial to be returned to the same holding cell area as other witnesses waiting to testify against Martin.  Martin asserts that this enabled the witnesses to improperly coordinate their testimony in contravention of Rule 615 of the Federal Rules of Evidence ("Rule 615"), the rule of evidence pertaining to the sequestration of witnesses.  *See* Fed. R. Evid. 615.  Thus, Martin argues, this improper coordination of witness testimony deprived him of a fair trial and the interests of justice require that the judgment in this case be vacated and a new trial granted.  In support of his motion, Martin has filed two affidavits [*see* Docs. 571-1, 592-1].  The government has responded in opposition to Martin's motion.

---

[1]Following the mistrial in the trial before Judge Phillips, this case was reassigned to District Judge Thomas A. Varlan [Doc. 320].

[2]The jury found Martin not guilty of count seventeen of the second superseding indictment [Doc. 492].

## II. ANALYSIS

### A. Federal Rule of Criminal Procedure 33(b)(1)

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Whether to grant a Rule 33 motion is left to the sound discretion of the district court. *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir. 2008). In a Rule 33 motion, the defendant bears the burden of proving that a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

Martin has based his motion for new trial on grounds of newly discovered evidence [Doc. 521, ¶ 11]. *See* Fed. R. Crim. P. 33(b). To obtain a new trial on this basis, a defendant must show that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986); *see United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982), *cert. denied*, 461 U.S. 945 (1983).

### B. The Newly Discovered Evidence

The newly discovered evidence that is the basis for Martin's motion consists of information that witnesses who testified for the government at Martin's second trial discussed and coordinated their testimony while confined in the holding cells during Martin's second trial. As evidence of this newly discovered information, Martin has submitted an affidavit by Jason Nelson (the "Nelson Affidavit"), a government witness at Martin's second

trial [Doc. 571-1], and an affidavit by Janardo Howell (the "Howell Affidavit"), an individual who states that he was in the holding cell with several of the government's witnesses during Martin's second trial, awaiting an appearance in Judge Phillip's courtroom on another matter [Doc. 592-1].

In the Nelson Affidavit, Nelson asserts that, while waiting to testify in Martin's second trial, he was held with Mashato Lamar ("Lamar"), Tyson Bivens ("Bivens"), Amahd Booker ("Booker"), and Tony Manning ("Manning") [Doc. 571-1, ¶ 2]. Nelson asserts that he "engaged in conversation with these individuals during the course of the trial and exchanged information about previous and upcoming testimony." [*Id.*, ¶ 3]. Nelson asserts that he heard Michael Briddy ("Briddy") discuss his testimony after he testified and that Booker "specifically discussed his potential testimony with me [Nelson], and asked if I agreed so that our admissions would be the same." [*Id.,* ¶¶ 5-6]. Nelson also asserts that the individuals in the holding cells discussed potential reductions in their sentences for their cooperation with the government and that it was his [Nelson's] opinion that "the government allowed us to be placed in a cell together so that we could all give consistent testimony with each other." [*Id.*, ¶ 7].

In the Howell Affidavit, Howell testifies that he was housed in a cell with Briddy during Martin's second trial [Doc. 592-1, ¶¶ 1-2]. Howell testifies that he heard conversations between Manning, Lamar, and Briddy and that these individuals "were discussing, in specific detail, their potential testimonies" at Martin's second trial [*Id.*, ¶¶ 3-4]. Howell asserts that he spoke directly with Manning about his testimony, and that he also

4

spoke directly with Briddy about his involvement in the cocaine conspiracy that was the foundation for the charges against Martin [*Id.* ¶¶ 5, 7]. Howell asserts that Briddy stated that his testimony would "absolve Mr. Lamar of any involvement in the alleged conspiracy" [*Id.*, ¶ 5]. Howell also asserts that "[i]t was apparent that these people was [sic] trying to work together as far as their testimonies at the trial." [*Id.*, ¶ 8].

Martin argues that these affidavits show that at least four of the government's witnesses were allowed to rehearse their testimony with each other in violation of Rule 615. Martin asserts that these interactions between witnesses who had testified and witnesses who had yet to testify allowed them to coordinate their testimony to reinforce the government's case against Martin and that, but for this coordinated testimony, the jury would not have heard a contrived story implicating Martin in the crimes charged. Martin asserts that allowing the witnesses to coordinate their testimony in this manner was a deliberate or, at the least, a reckless violation of Rule 615 and "stripped" him of his fundamental right to a fair trial.

### C. Analysis Under Federal Rule of Criminal Procedure 33(b)

Taking the information in the Nelson Affidavit and the Howell Affidavit as true, Martin cannot meet the stringent standard required by a Rule 33(b) motion. Fed. R. Crim. P. 33(b); *O'Dell*, 805 F.2d at 640 (stating that under Rule 33, a defendant must show that the newly discovered evidence "would likely produce an acquittal"); *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997) (stating that the Rule 33 standard is more stringent then the standard required by *Brady*). As stated above, in order to prevail on a Rule 33(b) motion on

5

grounds of newly discovered evidence, a defendant must show four elements. Martin has satisfied the first element required for a Rule 33(b) motion, (1) that evidence of discussions between government witnesses was discovered after trial. Although Martin has not given the Court a specific reason why this evidence was not discovered earlier, the Court assumes, out of an abundance of caution, that the nature of this evidence, which allegedly arose during the trial, could not have been discovered earlier with reasonable due diligence [*see* Doc. 521, ¶ 11]. Accordingly, Martin has also satisfied the second element required for a Rule 33(b) motion, (2) that the evidence could not have been discovered earlier with due diligence. However, the Court determines that Martin has failed to satisfy the final two elements required for a Rule 33(b) motion.

### 1. The Newly Discovered Evidence Must be Material

The third element of a Rule 33(b) motion requires that the newly discovered evidence be material and not merely cumulative or impeaching. *See O'Dell*, 805 F.2d at 640. However, Martin has not shown that the portions of their testimony that the government witnesses discussed reaches the level of materiality required for a Rule 33(b) motion. As such, the Court cannot discern whether such evidence was material and not merely cumulative or impeaching.

The Nelson Affidavit does not discuss or mention specific statements, details, or subjects discussed by the government witnesses in the holding cells. Rather, Nelson only asserts that the witnesses discussed " testimony." For instance, Nelson asserts that he and others "engaged in conversation" and "exchanged information about previous and upcoming

testimony" and that he heard Lamar "exchange dialogue" with another witness and that Briddy talked about his testimony "after he testified." [Doc. 571-1. ¶¶ 1-2, 4]. These vague references to "testimony," without the substance or even the subject of what the witnesses in the holding cell discussed, cannot support a finding that this newly discovered evidence was material.

Even if the Court were to attempt a materiality determination from the vague assertions in the affidavits, Nelson's assertion that Manning, Matthew Orr ("Orr"), Briddy, and Lamar discussed the possibility of testifying in the later trial of Lashonda Hall and Aaron Brooks, co-defendants of Martin charged in the same second superseding indictment, is not relevant to the testimony the witnesses delivered at Martin's trial [Doc. 571-1, ¶ 5]. Further, Nelson asserts that Booker specifically discussed his testimony with him and that the two witnesses agreed that their admissions would be the same—but Nelson does not mention any specific testimony, detail, subject, or specific admission [*Id.*, ¶ 6]. The Court cannot attach a great deal of weight to such a vague assertion, especially when Nelson would have personal knowledge of the information. In addition, Nelson's assertion that cooperation and resulting reductions in sentence recommendations was discussed is not "newly discovered evidence" that constitutes material evidence for the purpose of a new trial [*Id.*, ¶ 7]. It is common knowledge, especially among individuals awaiting sentencing who have engaged in plea agreement negotiations with the government or who have agreed to be witnesses in trials, that cooperation credit from the government may be available. Nelson's statement that it was his "opinion" that the government allowed these witnesses to be kept in a holding cell together,

thus enabling them to coordinate their testimony, is not supported by any other evidence. Finally, the government submits that, contrary to Martin's assertion, it was unaware at the time of trial that the particular witnesses were being held together in holding cells or that there was any discussion of their testimony [*see* Doc. 606, p. 2].

The Howell Affidavit also does not discuss or mention specific statements or details discussed by the individuals in the holding cells [*see* Doc. 592-1]. The one specific subject Howell mentions that was discussed—the cocaine conspiracy charge—involves Howell asserting that Briddy told him and Lamar that Briddy's testimony would absolve Lamar of any involvement in cocaine distribution [*Id.*, ¶ 5]. However, the government asserts that Lamar was involved with the marijuana distribution part of Martin's drug business, not the cocaine distribution part [Doc. 606]. Accordingly, if this assertion is true, any alleged involvement on the part of Lamar in the cocaine conspiracy is irrelevant and not material. Further, Lamar's statement that he would be going home after testifying does not constitute material evidence relevant to Martin's trial. Howell's assertion that Manning discussed his testimony with him is, if true, also not material because Howell was not a witness or related defendant in Martin's trial and therefore had nothing to do with Martin's trial [Doc. 592-1, ¶¶ 6-7]. Finally, Howell's assertion that "people were trying to work together" to corroborate their testimonies is a conclusory statement and does not constitute material newly discovered evidence that would warrant a new trial [*Id.*, ¶ 8].

## 2. The Newly Discovered Evidence Must be Likely to Produce an Acquittal

The fourth element of a Rule 33(b) motion requires that the newly discovered evidence would be likely to produce an acquittal. *See O'Dell*, 805 F.2d at 640. However, beyond the conclusory statement that, "without the testimony of the . . . tainted witnesses, the jury would not have heard a contrived but coordinated story implicating [Martin] in the crimes charged[,]" [Doc. 522, p. 4] Martin has not provided the Court with any evidence or argument that the testimony discussed by these witnesses was testimony that, had it not been contrived or coordinated, would have been likely to produce an acquittal instead of convictions.

Because Martin has pointed to no specific testimony or evidence, the Court must consider the whole of the evidence and testimony presented at Martin's trial. The government's evidence included testimony from numerous telephone conversations obtained through electronic surveillance. The jury was able to consider such conversations, which, to a large extent, consisted of Martin's voice directing members of the conspiracy to pick up drugs, drop off money, make bank deposits, and act a security guards at various drug houses. The jury was also presented with evidence obtained from executed search warrants on drug houses, including large amounts of cash, firearms, and several different types of illegal drugs, such as crack cocaine, cocaine hydrochloride, and marijuana. This evidence fully corroborated the government's proof, and the jury's verdict, and there is no question that the government put forward sufficient evidence to establish the elements of the charges against

Martin. The testimony of the witnesses whom Martin now claims discussed and coordinated their testimony during his trial was also corroborative of this other evidence implicating Martin in the charges against him—the recorded conversations, the cash, the firearms, and the drugs. As such, Martin has not shown that this newly discovered evidence would likely produce an acquittal.

### D. Federal Rule of Evidence 615

Martin argues that these alleged communications constitute a violation of Rule 615 and deprive Martin of his right to a fair trial. *See* Fed. R. Evid. 615 (pertaining to the sequestration of witnesses). Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear testimony of other witnesses. *Id*. The Sixth Circuit has stated that this rule is for the purpose of preventing "the influencing of a witness' testimony by another witness." *United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994) (citing *United States v. Gibson*, 675 F.2d 825, 835 (6th Cir. 1982), *cert. denied*, 459 U.S. 972 (1982)).

It is an unsettled question in the Sixth Circuit whether Rule 615 extends beyond the courtroom. *United States v. Solario*, 337 F.3d 580, 591-92 (6th Cir. 2003) (citing *Rugiero*, 20 F.3d at 1382). However, assuming it does, it is well settled in the Sixth Circuit that a "'violation of an order directing that witnesses be sequestered does not automatically bar a witness' testimony.'" *Rugiero*, 20 F.3d at 1394 (quoting *Gibson*, 675 F.2d at 835-36). Rather, exclusion of testimony is only permitted in "particular circumstances," such as, "where a witness has remained in court with the 'consent, connivance, procurement, or

knowledge' of the party seeking his testimony." *Solario*, 337 F.3d at 593 (quoting *Gibson*, 675 F.2d at 836). In this case, Martin has alleged that the government knew or meant for its witnesses to be held together during trial. However, beyond this allegation, and a statement by Nelson that it was his "opinion" that it was the government's intention to house the witnesses together, Martin has presented no evidence that the government intended to, procured, or was aware of any discussions between witnesses regarding their testimony at Martin's trial. Without more, the Court cannot conclude that the government consented to, procured, or was aware of these communications.

As to Martin's argument that the alleged violation of Rule 615 constitutes a sufficient reason for the Court to order a new trial in this case, the Court finds that Sixth Circuit precedent is against this argument. The Sixth Circuit clearly recognizes that the purposes of Rule 615 should be enforced, such as the prevention of witness influencing, coaching, and false testimony. *See Gibson*, 675 F.2d at 825. The Sixth Circuit also notes that while violations of the sequestration rule should be avoided, for a new trial to be granted, a violation of Rule 615 must also prejudice the defendant and prevent him from receiving a fair trial. *Id.*; *see also Rugiero*, 20 F.3d at 1394. Martin has not presented sufficient evidence of prejudice or that he did not receive a fair trial. Neither the Nelson Affidavit nor the Howell Affidavit indicate what testimony was discussed by the witnesses confined in the holding cells and there was also a substantial amount of other evidence produced at trial by which a jury could have found against Martin. Because a violation of Rule 615 does not automatically bar the testimony of a witness, and because Martin has pointed to no specific

evidence or testimony which the Court could find constitutes material evidence or evidence likely to produce an acquittal, the alleged violation of Rule 615 did not prevent Martin from receiving a fair trial and thus, a new trial is not warranted.

### III. CONCLUSION

In sum, the Court finds that Martin is not entitled to a new trial under Federal Rule of Criminal Procedure 33(b) and the alleged violation of Federal Rule of Evidence 615 does not constitute grounds for a new trial. As such, Defendant Johnnie Martin's Motion to Vacate Judgment and Grant a New Trial [Doc. 521] is hereby **DENIED**. Further, because Martin has not presented sufficient evidence by which the Court could reasonably determine that the newly discovered evidence constitutes material evidence or evidence likely to produce an acquittal, Martin's request for an evidentiary hearing is also hereby **DENIED**.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE