IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | |
| JOHNNIE MARTIN, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on April 15, 2011, for a hearing on appointed defense counsel's Motion for Leave to Withdraw and for a Continuance [Doc. 660], filed on April 13, 2011, and referred [Doc. 661] to the undersigned on that same day. See 28 U.S.C. § 636(b). Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present.

In his motion, Attorney Lloyd asks to withdraw from representing the Defendant due to an irreparable deterioration of the attorney-client relationship such that counsel may be unable to convince the Defendant that he is providing effective representation. He also requests that the April 19 sentencing hearing be continued to permit new counsel to subpoena witnesses to testify concerning sentencing issues or in support of a pending motion for a new trial. At the hearing, the Government opposed defense counsel's request to withdraw, arguing that the Defendant has already

1

had an egregious number of appointed attorneys and that the motion, filed a mere four days before the sentencing hearing, was the Defendant's attempt to "kick the can down the road" yet again and delay the sentencing hearing. The Court then conducted a sealed, *ex parte* hearing with the Defendant and Mr. Lloyd to learn the nature and extent of the problems between them.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). In response to a request for the substitution of appointed counsel, the Court must inquire into the complaints of the defendant and counsel and must take into consideration (1) the timeliness of the request, (2) whether the conflict in the attorney-client relationship is so extensive that it results in the complete absence of communication, which in turn can prevent an adequate defense, and (3) whether these first two factors outweigh "'the public's interest in the prompt and efficient administration of justice.'" United States v. Sullivan, 431 F.3d 976, 980 (6th Cir. 2005) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)); United States v. Iles, 906 F.2d 1122, 1130 n.8 (6th Cir.1990).

In the present case, defense counsel, who is the Defendant's fifth attorney, moved to withdraw only six days (four business days) before the April 19 sentencing hearing. The weight of this fact can best be understood in light of the history of the Defendant's representation. On May 4, 2007, Attorney Dennis Francis was appointed to represent the Defendant at his initial appearance on a criminal complaint. On July 19, 2007, Mr. Francis moved to withdraw [Doc. 117] "due to irreconcilable differences and at the request of the Defendant[.]" On July 23, 2007, the Court

2

permitted [Doc. 121] the substitution of appointed counsel and appointed Attorney James A.H. Bell. On February 6, 2008, Mr. Bell moved [Doc. 246] to withdraw from his representation of the Defendant due to a conflict of interest, stemming from counsel's prior representation of a potential witness. On February 14, 2008, the Court granted [Doc. 269] Mr. Bell's motion to withdraw. The Court reconvened on February 19 to appoint new counsel for the Defendant, at which time the Defendant elected to represent himself and requested the assistance of elbow counsel [Doc. 273]. On the following day, the Court appointed [Docs. 276 and 280] Attorney Donny M. Young to serve as elbow counsel to the Defendant.

The Defendant represented himself, with Attorney Young's assistance, at his first trial on February 27, 2008. The jury convicted [Doc. 315] the Defendant of Count 5, possession of a firearm by a convicted felon, but could not reach a decision on the remaining counts. On April 28, 2008, Mr. Young moved [Doc. 337] to withdraw as elbow counsel due to conflicts with the timing of the retrial of the case. On the following day, the Court granted [Doc. 339] the motion and appointed Attorney Stephen A. Burroughs to serve as elbow counsel. In early May 2008, the Defendant moved *pro se* [Doc. 345] to have Attorney Burroughs as his counsel of record in the case. On May 13, 2008, the Court substituted [Docs. 353 and 357] Mr. Burroughs as counsel. Mr. Burroughs represented the Defendant through the retrial of the case in late March and early April 2009. The Defendant was convicted [Doc. 492] of all but one of the remaining counts. On August 23, 2010, Mr. Burroughs moved [Doc. 624] to withdraw from representing the Defendant because of a breakdown in communication and a potential ethical conflict regarding the presentation of evidence. In his motion, Mr. Burroughs stated that the Defendant had repeatedly expressed his displeasure with the

3

quality of the representation that Mr. Burroughs had given and was providing. The motion also states that the Defendant wanted him to present evidence that he felt he could not ethically present. The Court conducted hearings on this motion on September 7 and 17, 2010, and on the latter date, granted [Docs. 628 and 629 ] the motion due to an irreparable breach in communication and trust. The Court appointed Attorney Francis L. Lloyd, Jr., to represent the Defendant through the remainder of the case. Mr. Lloyd filed his motion to withdraw [Doc. 660] on April 13, 2011.

Considering this long history, in which the Defendant has changed attorneys five times and represented himself at one point, the Court finds that the instant request to appoint a sixth attorney less than a week before the Defendant's sentencing hearing to be untimely. The Court notes that all five attorneys moved to withdraw (although the Defendant joined in the first request by Mr. Francis), that Mr. Bell's withdrawal was due to an ethical conflict, and that Mr. Young's withdrawal was due to a scheduling conflict. Nevertheless, three other requests to withdraw are based upon the Defendant's and counsel's inability to communicate and/or a lack of trust supporting the attorney-client relationship. Moreover, the appellate court has recognized that a request for substitute counsel within days of a trial or hearing is generally untimely. See United States v. Trujillo, 376 F.3d 593, 606-07 (6th Cir. 2004) (denial of request for substitute counsel made three days before trial); United States v. Williams, 176 F.3d 301, 314 (6th Cir. 1999) (finding request for new counsel two weeks before trial to be untimely).

Second, the Court finds that although there are strains on the attorney-client relationship in this case, the issues of contention between the Defendant and counsel are not so extensive as to result in the complete absence of communication or the inability to work together. After listening to the

4

concerns raised by the Defendant and counsel in the sealed portion of the hearing, the Court finds that the points that the Defendant seeks to have raised at his sentencing are being raised, although perhaps not in the way that the Defendant would prefer. The Court observes that within the last week, counsel has filed a motion for new trial [Doc. 653] with supporting memorandum of law [Doc. 654], a supplemental motion for new trial [Doc. 655], a motion for disclosure [Doc. 657] with supporting legal memorandum [Doc. 658], and a sentencing memorandum [Doc. 664]. Accordingly, the Court finds that the attorney-client relationship is not irreparably broken.

Finally, the Court finds that the public's interest in the prompt and efficient administration of justice outweighs the Defendant and counsel's differences expressed in the sealed hearing, particularly in light of the untimeliness of the request to withdraw. This case has been proceeding for nearly four years, and the Defendant's sentencing hearing has been continued five times. While the Court does not find that the need for those continuances are necessarily attributed to the Defendant, the length of time that it has taken to resolve the Defendant's case tips the scale in favor of going forward with the April 19, 2011 sentencing hearing. The Court can discern nothing that needs to be completed before the sentencing hearing. Accordingly, the Court finds that all three factors weigh in favor of denying the motion to withdraw.

Defense counsel's Motion for Leave to Withdraw and for a Continuance [**Doc. 660**] is **DENIED**, because defense counsel has failed to show good cause for a substitution of counsel at this juncture. The Defendant shall proceed to sentencing on **April 19, 2011**, represented by Attorney Lloyd. The Defendant is encouraged to continue to assist Mr. Lloyd with his defense, as he has thus far. The Court grants Mr. Lloyd leave to renew his request to withdraw from representation of the

5

Defendant after the completion of the Defendant's sentencing and prior to the filing of a notice of appeal in this case.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

6

Case 3:07-cr-00051-TAV-HBG    Document 668    Filed 04/18/11    Page 6 of 6    PageID #: 6134