UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHNNIE MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:07-CR-51-TAV-HBG-3 |
| | ) | 3:14-CR-482-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's pro se request to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, to include a request for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 824]. The United States filed a response in opposition on August 11, 2016 [Doc. 831]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's motion for leave to amend [Doc. 824] is **DENIED**.

I.  BACKGROUND

In 2011, Petitioner was convicted of conspiring to distribute and possess with intent to distribute at least five kilograms of cocaine hydrochloride, at least fifty grams of crack cocaine, and quantities of marijuana and ecstasy, in violation 21 U.S.C. §§ 846 and 841(a)(1); possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); two counts of aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); possessing a firearm as a felony, in violation of 18 U.S.C. § 922(g); employing a minor to commit a drug trafficking offense, in violation of 21 U.S.C. § 861(a)(1); conspiring to commit money laundering, in violation of 18 U.S.C. § 1956; and

committing money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) [Doc. 672]. On April 22, 2011, this Court sentence Petitioner to an aggregate sentence of 720 months' imprisonment followed by twenty years' supervised release, a term at the bottom of his Guideline range [*Id.*]. Petitioner appealed, but the Sixth Circuit affirmed his conviction [Doc. 729]. The Supreme Court declined Petitioner's request for a writ of certiorari on October 8, 2013 [Doc. 747].

Petitioner filed an original § 2255 petition on October 8, 2014 [Doc. 761]. On February 3, 2015, Petitioner filed the first of two requests for leave to amend that original petition [Doc. 777]. During pendency of the petition and first motion to amend, on June 26, 2015, the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with the *Johnson* decision. Less than one year later, Petitioner submitted what the Court interprets as a second motion for leave to amend the petition—this time requesting leave to incorporate a new collateral challenge to his § 924(c) conviction based on the *Johnson* decision [Doc. 824 (seeking vacatur of his § 924(c) conviction)]. The instant Memorandum and Order addresses only Petitioner's most recent request to amend.

## II. ANALYSIS

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the

---

[1]  The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime, not crime of violence [Doc. 672]. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). *Johnson* has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

## IV. CONCLUSION

For the reasons discussed, Petitioner's motion to amend [Doc. 824] is **DENIED** for futility.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE