UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JOHNNIE MARTIN, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:07-CR-51-TAV-HBG 3:14-CV-482-TAV |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Johnny Martin has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 761]. Petitioner supplemented the motion [Doc. 763] and the Government responded in objection to Petitioner's requested relief [Doc. 792]. The matter is now ripe for consideration. The Court has determined that Petitioner is not entitled to relief under § 2255, and therefore no evidentiary hearing is necessary. For the reasons set forth herein, Petitioner's § 2255 motion lacks merit and will be denied. Accordingly, Case No. 3:14-CV-482 will be dismissed.

**I. BACKGROUND**

Petitioner was convicted in this case of (1) conspiracy to distribute and possession with intent to distribute at least 5 kilograms or more of cocaine, at least fifty grams of crack cocaine, marijuana, and ecstasy; (2) aiding and abetting possession with intent to distribute marijuana; (3) two counts of aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense; (4) possessing a firearm as a felon; (5) knowingly employing a person under the age of eighteen to commit a drug trafficking offense; (6) conspiring to

commit money laundering; and (7) conducting a financial transaction affecting interstate commerce using proceeds from drug trafficking activity to purchase property [Docs. 315, 492].[1]  The Court sentenced Martin to 720 months in prison [Doc. 672].  The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence, and the Supreme Court denied certiorari.  *United States v. Martin*, 516 F. App'x 433 (6th Cir. 2013), cert denied, 134 S. Ct. 357 (2013).

Now before the Court is Petitioner's § 2255 motion, and a supplement thereto, which allege claims of ineffective assistance of counsel, as well as other claims directed at the Court's rulings [Docs. 761, 777].  The Government responded in opposition [Doc. 792], and Petitioner filed a reply [Doc. 799].

## II.   ANALYSIS

### A.   Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire process invalid."  *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted).  In other words, a petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error

---

[1] All citations to the record are found on the docket of Case No. 3:07-CR-51-TAV-HBG.

violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no

effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

The Court agrees with the Government that Martin alleges two categories of claims: (1) claims which could have been litigated on appeal but were not; and (2) claims of ineffective assistance of counsel. The Court will address each category of claims in turn.

### B. Claims Which Could Have Been Resolved By The Court of Appeals

Martin argues that the Court's drug quantity determination for purposes of sentencing violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Alleyne*, however, does not apply retroactively to cases like Martin's that are already final because *Alleyne* merely adopted a new rule of criminal procedure. *Teague v. Lane* 489 U.S. 288 (1989). Therefore, *Alleyne* provides no ground for relief in this case.

Petitioner has not attempted to excuse his procedural default here, and his (1) constructive-amendment, (2) jury-instruction, and (3) sentencing-error claims should thus be deemed unreviewable. In any event, as discussed below, Petitioner's claims are meritless.

#### 1. The Indictment Was Not Constructively Amended By The Jury Instructions

Petitioner claims the Court's instructions to the jury constituted a constructive amendment of the Indictment. The Indictment stated that Martin had aided and abetted a codefendant, Lashonda Hall, in possessing with intent to distribute marijuana and possessing a firearm in furtherance of two drug trafficking offenses. The jury instructions for that offense did not specifically mention Hall. Thus, Martin argues that the instructions

4

"permitted the jury to consider evidence of alleged § 924(c) violations other than those specifically named in the indictment."

A constructive amendment occurs when "the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of an offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Manning,* 142 F.3d 336, 339 (6th Cir. 1998) (quoting *United States v. Hathaway,* 798 F.2d 902, 910 (6th Cir. 1986)). To obtain habeas relief in a challenge to a jury instruction, Petitioner "must show that the instruction 'by itself so infected the entire trial that the resulting conviction violates due process.'" *Berry v. Capello*, 576 F. App'x 579 (6th Cir. 2014)) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).

As to the aiding-and-abetting offenses, the Court instructed the jury as follows:

> Proof that [petitioner] may have known about the crime, even if [petitioner] was there when it was committed, is not enough for you to find [petitioner] guilty. You can consider this in deciding whether the Government has proved that [petitioner] was an aider and abettor, but without more it is not enough. What the Government must prove is that [petitioner] did something to help or encourage the crime with the intent that the crime be committed. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find [petitioner] guilty of possessing with the intent to distribute marijuana as an aider and abettor.

[Doc. 500 p. 23].

The Court finds that its instructions did not alter the elements of the offenses charged in Counts Two, Three, or Four. The Court is not required in the jury instructions to name

5

the individual whom a defendant is charged with aiding and abetting. Therefore, the jury instructions did not constructively amend the indictment.

### 2. Petitioner's *Rosemond* Claim

*Rosemond v. United States*, 134 S. Ct. 1240 (2014), was decided after Martin's direct appeal. In *Rosemond*, the Supreme Court stated that, for liability under an aiding-and-abetting theory, the Government must prove that a defendant committed "(1) an affirmative act in furtherance of [the underlying] offense, (2) with the intent of facilitating the offense's commission." *Id*. at 1245. The Court then applied that standard to a § 924(c) offense, holding that the first element of aiding-and-abetting liability is satisfied if the defendant "facilitat[ed] either the drug transaction or the firearm use (or of course both)." *Id*. at 1247 ("It is inconsequential . . . that his acts did not advance each element of the offense; all that matters is that they facilitated one component."). To satisfy the second element for a § 924(c) offense, however, the Government must prove that a defendant intended both the drug trafficking and the firearms possession, *i.e.*, that the defendant "decided to join in the criminal venture . . . with full awareness of its scope—that the plan calls not just for a drug sale, but for an armed one." *Id*. at 1248–49. To form such intent, a defendant must have "advance knowledge" that "one of his confederates will carry a gun." *Id*. at 1249. However, the proof about knowledge need not be direct, because a "factfinder can draw inferences about a defendant's intent based on all the facts and circumstances." *Id*. at 1250 n.9.

6

Accordingly, *Rosemond* held that a jury should be instructed that, to convict a defendant for aiding and abetting a § 924(c) offense, the defendant must have had advance knowledge that the defendant's confederate would possess or use a firearm. That rule is substantive, and thus retroactive, because it "alters . . . the class of persons that the law punishes," *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004), by narrowing the scope of aiding-and-abetting liability under § 924(c).

Martin claims that the jury instructions were erroneous because the jury was not instructed that Petitioner "needed advance knowledge" about a firearm [Doc. 771 at 6, 20–21]. In the absence of such instructions, Martin argues that his § 924(c) convictions must be vacated. Martin is correct that the Court did not instruct the jury to decide whether he had advance knowledge regarding the possession of firearms in furtherance of drug-trafficking activities. The Court agrees with the government that any error in this regard was harmless, however, because a properly-instructed jury would have made the requisite factual findings. *United States v. King*, 272 F.3d 366, 378 (6th Cir. 2001); *Rattigan v. United States*, 151 F.3d 551, 556–58 (6th Cir. 1998).

The Court bases this conclusion of harmless error on the Sixth Circuit's finding that the evidence amply established that Martin facilitated the underlying drug trafficking offense, including that he "had stash houses throughout Knoxville," and he "obtained drugs from suppliers in Atlanta and brought them back to Knoxville for resale." *United States v. Martin*, 516 F. App'x at 437. According to the Sixth Circuit, the evidence also established that Martin had advance knowledge regarding the possession of firearms to further drug

7

trafficking, especially where "[Martin] provided the individuals involved in the drug-trafficking operation with firearms, creating a 'specific nexus' between the firearms and the crimes." *Id.* at 452. The Court, therefore, finds that the evidence at trial was sufficient to convict Petitioner of aiding and abetting the § 924(c) offenses.

### 3. The Four-Level Leadership Enhancement At Sentencing Was Not Error

Petitioner claims that the Court's findings as to his leadership enhancement were insufficient because "it is unclear from the sentencing record whether the five mentioned participants identified by the court were involved in the conspiracy of Count One [which specifically charged petitioner and five codefendants]," or whether it involved other criminal conduct. Martin argues that the Court had to find that there were five participants who were involved at the same time in the drug trafficking conspiracy, or five who were involved in the other offenses for which petitioner was charged.

To justify the imposition of a leadership or organizer enhancement under U.S.S.G. § 3B1.1(a), the government must show by a preponderance of the evidence that a defendant "was an organizer or leader of a criminal activity that involved five or more participants." Thus, the government must show (1) that there were five or more "participants" in the criminal activity, and (2) that defendant was the leader or organizer of those participants. In order to be a leader or organizer, "a defendant must have exerted control over at least one individual within a criminal organization for the enhancement of § 3B1.1 to be warranted." *United States v. Salyers,* 542 F. App'x 483, 485 (6th Cir. 2015); *United States v. Vandeburg*, 201 F.3d 805, 811 (6th Cir. 2000) (quoting *United States v. Gort-Didonato*,

8

109 F.3d 318, 321 (6th Cir. 1997)). The Court must evaluate the defendant's "exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 n.4.

During the sentencing hearing, Martin objected to the enhancement. The Court, however, found as follows:

> Section 3B1.1(a) of the Guidelines provides for a four-level enhancement in the defendant's offense level if the defendant was an organizer or leader of a criminal activity involving five or more participants. Upon the Court's review of the evidence presented at trial, and as summarized in the Presentence Report, the Court does conclude and find [Martin] was an organizer or leader of the conspiracy for which he has been convicted. The evidence at trial, including wiretap phone conversations and the testimony of co-conspirators, established that [Martin] set up and organized a drug distribution organization between Knoxville and Atlanta, directed the activities of drug couriers, coordinated and directed the activities of at least five co-conspirators, including LaShonda Hall, Aaron Brooks, Tavares Smith, Michael Briddy, Jr., Matthew Orr, and Mashato Lamar, and arranged how much money was owed for various drug transactions and how much money was to be paid for the drugs.
>
> The evidence also indicated that [Martin] directed the activities of co-conspirators at drug houses and that [Martin] provided his co-conspirators with firearms to protect the drugs and the money gleaned from the sale of the drugs.

[Doc. 690 pp. 57–58].

The Court found that Martin set up and organized the overall drug conspiracy and that he exercised control over others by placing them at stash houses with firearms and

9

setting the prices for the drugs sold. The Court, therefore, finds that the four-level enhancement for Martin's role in the offenses is well-supported.

### 4. Martin's Speedy Trial Claim Is Without Merit

Petitioner asserts that his trial was unreasonably delayed due to the "lack of preparation and failure to obtain additional defendants on the part of government," and that he was not "indicted within 30 days of arrest or within 60 days of his arrest where no such grand jury was in session in violation of 18 U.S.C. § 1861." Petitioner points to the language in the Court's Memorandum and Order [Doc. 89] to support his contention that he did not receive a speedy trial and that the government was at fault. The Court, however, finds that this claim is plainly without merit. Martin was indicted five days after his arrest on a criminal complaint. Moreover, each continuance of the trial date in this case was pursuant to a Court order which properly and completely addressed any and every possible speedy trial right of Martin's. Petitioner's speedy trial claim is thus without merit.

### 5. Petitioner's *Alleyne* Claim

Martin also claims that he is entitled to resentencing because the "Court made findings that increase the elements of drug quantity determinations which caused an increase in penalty of crime." Martin relies on the Supreme Court's decision in *Alleyne*.

Pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), *Alleyne* does not apply retroactively because *Alleyne* merely adopted a new rule of criminal procedure. The rule in *Alleyne* is that any fact that increases a statutory mandatory minimum sentence is an element of the offense which must be found by a jury or admitted by the defendant. The

Government is correct that the rule in *Alleyne* was not "dictated by precedent existing at the time [Petitioner's] conviction became final," *Teague*, 489 U.S. at 301, and is procedural because it "regulate[s] only the manner of determining [a] defendant's culpability," rather than "alter[ing] the range of conduct or the class of persons that the law punishes," *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). Therefore, *Alleyne* is not retroactively applicable on collateral review, and Martin's claim under *Alleyne* is without merit.

### C. Ineffective Assistance Of Counsel Claims

Martin makes three ineffective assistance of counsel claims: (1) counsel should have objected at trial on the grounds later recognized by the Supreme Court in *Rosemond*; (2) counsel failed to object to a jury instruction that allowed Martin to be convicted of multiple § 924(c) offenses; and (3) counsel failed to argue the sufficiency of the evidence relating to Martin's conviction for employing a minor in his drug trafficking business.

#### 1. Jury Instruction Based On *Rosemond*

Martin's claim based on *Rosemond* is without merit. The Government is correct that *Rosemond* was decided almost five years after Martin's trial. Moreover, "failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel." *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010) (quoting *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986)); *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (finding no ineffective assistance where counsel failed to anticipate a change in the law, even in the face of conflicting lower court decisions); *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to

anticipate changes in the law."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop").[2]

### 2. Counsel's Rule 29 Motion Regarding Count Six Was Not Ineffective

Martin claims that his counsel should have argued that there was insufficient evidence to support Martin's conviction for employing a minor in his drug trafficking business. Martin argues there was no evidence that he had any contact with the juvenile in question. Martin's counsel argued to the Court that the Government failed to prove Martin was someone over the age of eighteen. Since there was evidence in the record of Martin's age, that argument, made at trial and on appeal, was found to be baseless. *See United States v. Martin*, 516 F. App'x at 451. Martin now claims that his counsel should have argued that there was no proof that Martin had any contact with the juvenile, Michael Starks, also known as "G." The Government, however, is correct that Starks was brought to Knoxville from Massachusetts at Martin's direction, and that Martin set him up at a crack house to help sell crack [Doc. 496 pp. 76–77]. The Government further points to one of the recorded phone calls from the wiretap, played at trial, where the jury heard Martin telling Smith that Grimey and "G," both of whom worked at the crack house, owed him money from drug sales [*Id.* p. 92]. Accordingly, this claim is without merit.

---

[2] In addition, the Court has found herein that Martin knew of the firearm in his home, and that he personally supplied the stash houses with firearms for security purposes. Martin cannot demonstrate prejudice as a result of counsel's failure to ask for such an instruction in light of these findings.

12

### 3. Petitioner Was Not Prejudiced By Counsel's Failure To Object To The Jury Instructions On The Ground Later Recognized In *Campbell*

Martin claims, based on *United States v. Campbell*, 775 F.3d 664 (5th Cir. 2014), that the Court should have instructed the jury that it had to find a separate firearm for each of the § 924(c) convictions.

In *Campbell*, the defendant controlled and operated a drug stash house. Law enforcement, finding drugs and firearms there, charged Campbell with two substantive drug offenses and corresponding § 924(c) offenses for possessing a firearm in furtherance of each of those drug offenses. 775 F.3d at 667. On appeal, Campbell argued that § 924(c) does not permit multiple convictions for possessing a single firearm on a single occasion and that the jury had not specifically found that he possessed separate guns in relation to each of the drug-trafficking offenses. *Id.* at 670. The Fifth Circuit found sufficient evidence to sustain the convictions because five firearms had been seized from the drug house, and Campbell admitted that his fingerprints would be found on two of those guns. According to the Court of Appeals, "a reasonable jury could have concluded that [he] possessed at least two of those guns." *Id.*

In the present case, Martin was not charged with two substantive drug trafficking offenses occurring on the same day. Martin was charged with a long-term conspiracy to possess with the intent to distribute multiple drugs, and also with a single substantive count of aiding and abetting Hall to possess with intent to distribute marijuana on May 3, 2007. That date also was the day that a firearm and several pounds of marijuana were found in

13

Martin's residence during the execution of a search warrant. The Government argues that one of Martin's § 924(c) offenses related to the overall conspiracy, that the other related to May 3 alone, and that the evidence of a firearm in Martin's bedroom on May 3 was not the only evidence of firearms used in furtherance of the drug-trafficking conspiracy. The Court finds that Martin kept a firearm in his residence, and he gave firearms to the individuals at the stash houses for the specific purposes of providing security for the drugs and money at those houses. This is not a case about aiding and abetting the possession of a single firearm on a single occasion, and counsel was not ineffective for not seeking a specific jury finding as to the firearms at issue. This claim is without merit.

## III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Judgment will enter **DENYING** the motion [Docs. 761, 777].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE